IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
MAY 23  1 30 PH '01
CLER
WEST
BY _____

PHILIP L. STOTTER, PH.D.,                      §
                                               §
        *Plaintiff,*                           §
                                               §
v.                                             §   
                                               §
UNIVERSITY OF TEXAS AT SAN ANTONIO, and        §   Civil Action No. _____
GUY BAILEY and DAVID JOHNSON,.                 §
                                               §
        *Defendants.*                          §

## NOTICE OF REMOVAL

NOW COMES Defendants University of Texas at San Antonio, Guy Bailey and David Johnson and respectfully show that:

1.    **Removal Provision:** This removal is pursuant to 28 U.S.C. § 1441(b). Plaintiff alleges that his due process rights were violated under 42 U.S.C. §1983 and his state constitutional due process rights.

2.    **State Action:** This action was originally filed in the 57th Judicial District Court of Bexar County, Texas on May 10, 2001 in Cause No. 2001CI06933. Plaintiff is Philip L. Stotter, Ph.D.. Defendants are the University of Texas San Antonio, Guy Bailey and David Johnson. Venue is proper in the United States District Court for the Western District of Texas, San Antonio Division.

3.    **Nature of the Lawsuit:** Plaintiff alleges that his due process were violated when it was recommended that his contract be terminated for good cause.

4.    **Jury Demand:** Plaintiff has not requested a trial by jury within his original petition.

5.    **Removal Requirements of § 1441:** Plaintiff's allegations regarding his due process violations under 42 U.S.C. §1983 Plaintiff also alleges state violations of his due process.

6.    **Compliance with Deadline:** The pleading which alleges violations of Plaintiff's due process rights was served on Defendant on May 11, 2001. Defendant has thirty (30) days in which to remove. Therefore, this removal is timely. Defendant will answer within the 5 day time limit.

7.    **State Court Pleadings:**    A true and correct copy of all process and pleadings served upon Defendant in the state court action is being filed with this notice as required by 28 U.S.C. § 1446(a). Also attached is Supplemental Civil Cover Sheet.

ACCORDINGLY, Defendant prays that this cause be removed to the United States District Court for the Western District of Texas, San Antonio Division, pursuant to §1441 of Title 28 of the United States Code.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

JEFFREY S. BOYD
Deputy Attorney General for Litigation

TONI HUNTER, Chief
General Litigation Division

PETER B. PLOTTS
Assistant Attorney General
Texas Bar No. 16074100
P. 0. Box 12548, Capitol Station
Austin, Texas 78711
Phone No. (512) 463-2120
Fax No. (512) 320-0667

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via U.S.

Mail and facsimile, on May 22, 2001 to:

Regina B. Criswell
Lincoln Center
7800 I-H 10 West, Suite 635
San Antonio, Texas 78230

PETER B. PLOTTS
Assistant Attorney General

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the ~~~~ and service of pleadings or other papers as requir~~~ by law, except as provided by local rules of co~~~ This form, approved by the Judicial Conference of th~ ~nited States in September 1974, is required for the u~ of the Clerk of Court for the purpose of initiating t~e civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

SA 01 CA 0434 OG

## I. (a) PLAINTIFFS

Philip L. Stotter, Ph.D.

## DEFENDANTS

University of Texas at San Antonio, G~
Bailey and David Johnson

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Bexar
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Bexar
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Regina B. Criswell
7800 IH 10 West, Suite 635
San Antonio, TX  78230
(210) 375-1963

ATTORNEYS (IF KNOWN)

Peter Plotts
P.O. Box 12548
Austin, TX  78711-2548
(512) 463-2120

## II. BASIS OF JURISDICTION     (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government
        Plaintiff

☒ 3 Federal Question
        (U.S. Government Not a Party)

☐ 2 U.S. Government
        Defendant

☐ 4 Diversity
        (Indicate Citizenship of Parties
        in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTI
(For Diversity Cases Only)                        AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN     (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original
        Proceeding

☒ 2 Removed from
        State Court

☐ 3 Remanded from
        Appellate Court

☐ 4 Reinstated or
        Reopened

☐ 5 Transferred from
        another district
        (specify)

☐ 6 Multidistrict
        Litigation

☐ 7 Appeal to District
        Judge from
        Magistrate
        Judgment

## V. NATURE OF SUIT     (PLACE AN "X" IN ONE BOX ONLY)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury – Med. Malpractice
- ☐ 365 Personal Injury – Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS – Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☒ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence

**Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights

## VI. CAUSE OF ACTION     (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. 1983, violation of due process

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION**
    UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ YES   ☒ NO

## VIII. RELATED CASE(S) (See instructions):
IF ANY

JUDGE _____   DOCKET NUMBER _____

DATE
5/22/01

SIGNATURE OF ATTORNEY OF RECORD
_Pet. J. Plott_

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# SUPPLEMENTAL CIVIL COVER SHEET
## FOR CASES REMOVED FROM STATE COURT

RECEIVED

MAY 2 3 2001

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

*This form must be attached to the civil cover sheet at the time the case is filed in the United States District Clerk's office.*

Additional sheets may be used as necessary

**SA01CA0434 OG**

1.     **Style of the Case:**

Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named, and include their bar number, firm name, correct mailing address, and phone number (including area code.)

| **Party and Party Type** | **Attorney(s)** |
|---|---|
| Philip L. Stotter, Ph.D., Plaintiff | Regina B. Criswell<br>Lincoln Center<br>7800 I-H 10 West, Suite 635<br>San Antonio, Texas 78230<br>210-375-1963<br>210-375-2373 fax<br>SBN 01496580 |
| University of Texas at San Antonio,<br>Guy Bailey and David Johnson, Defendant | Peter Plotts<br>Assistant Attorney General<br>P.O. Box 12548<br>Austin, TX 78711-2548<br>(512) 463-2120<br>(512) 320-0667 fax |

2.     **Jury Demand:**

Was Jury Demand made in state Court?          _____ Yes          __X__ No

If *"Yes"*, by which party and on what date?

**Party**                                        **Date**

3.     **Answer:**

Supplemental Civil Cover Sheet -
 Philip L. Stotter  v. University of Texas at San Antonio, et al.                                        Page 1

Was an Answer made in State Court? _____ Yes ___X_ No

If "*Yes*," by which party and on what date.

**Party**                                           **Date**

4.     **Unserved Parties:**

The following parties have not been served at the time this case was removed.

**Party**                                    **Reason(s) for No Service**

5.     **Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for that change:

**Party**                                    **Reason**

6.     **Claims of the Parties**

The filing party submits the following summary of the remaining claims of each party in this litigation:

**Party**                                    **Claims(s)**

Philip L. Stotter

AO82 SWEDA
(Rev 4/90)

TRIPLICATE
RECEIPT FOR PAYMENT
UNITED STATES DISTRICT COURT
for the
WESTERN DISTRICT OF TEXAS





169386

at _SA_ _____

| Fund | | | |
|------|------|------|------|
| 6855XX | Deposit Funds | | |
| 604700 | Registry Funds | | |
| | General and Special Funds | | 169386*# |
| 508800 | Immigration Fees | | |
| 085000 | Attorney Admission Fees | 000330P | CIVIL FILE FEE |
| 086900 | Filing Fees | | 086900    60.00 |
| 322340 | Sale of Publications | | SA01CA0434## |
| 322350 | Copy Fees | | |
| 322360 | Miscellaneous Fees | 000405P | CIVIL FILE FEE |
| 143500 | Interest | | ,405     90.00 |
| 322380 | Recoveries of Court Costs | | ## |
| 322386 | Restitution to U.S. Government | | TOTAL 150.00 |
| 121000 | Conscience Fund | | "CHECK    150.00 |
| 129900 | Gifts | | CHANGE     0.00 |
| 504100 | Crime Victims Fund | | |
| 613300 | Unclaimed Monies | | 2 ITM-CT |
| 510000 | Civil Filing Fee (1/2) | 05/24/01 | 136953(500 08:40 |
| 510100 | Registry Fee | | |

CASE REFERENCE:

SA01CA0434

RECEIVED FROM Generals Court Cost Fund 

CK 2720

150.00

Philip L. Strotter vs USA

DEPUTY CLERK DS

Checks and drafts are accepted subject to collection and full credit will only be given when the check or draft has been accepted by the financial institution on which it was drawn.

NO. 2001-CI-06933

| | | |
|---|---|---|
| PHILIP L. STOTTER, PH.D., | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | BEXAR COUNTY, TEXAS |
| UNIVERSITY OF TEXAS AT SAN ANTONIO, and | § | |
| GUY BAILEY and DAVID JOHNSON,. | § | |
| *Defendants.* | § | 285TH JUDICIAL DISTRICT |

## PLEADINGS INDEX

1.   5/10/01   Plaintiff's Original petition and Application for Tempoary Restraining Order and Temporary Injunction

2.   5/11/01   Temporary Restraining Order

3.   5/11/01   Citation for David Johnson

4.   5/11/01   TRO for Guy Bailey

5.   5/11/01   Citation for Guy Bailey

6.   5/11/01   Citation for University of Texas at San Antonio

000004

| | | |
|---|---|---|
| PHILIP L. STOTTER, PH.D., | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| v. | § | |
| | § | BEXAR COUNTY, TEXAS |
| UNIVERSITY OF TEXAS AT SAN ANTONIO, and | § | |
| GUY BAILEY and DAVID JOHNSON,. | § | |
| *Defendants.* | § | 285TH JUDICIAL DISTRICT |

## <u>NOTICE OF FILING OF REMOVAL</u>

TO:   Reagan Geer, Bexar County District Clerk, San Antonio, Texas

Pursuant to 28 U.S.C. § 1446(d), you are hereby given notice that on May 22, 2001, Defendants University of Texas at San Antonio, Guy Bailey and David Johnson, filed their Notice of Removal in the United States District Court for the Western District of Texas, San Antonio Division, thereby removing this cause to the United States District Court. A copy of that Notice is attached hereto and incorporated herein for all purposes. This Court is respectfully requested to proceed no further in this action, unless and until such time as the action may be remanded by order of the United States District Court.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

JEFFREY S. BOYD
Deputy Attorney General for Litigation

TONI HUNTER, Chief
General Litigation Division

_(signature)_

PETER B. PLOTTS
Assistant Attorney General
Texas Bar No. 16074100
P. 0. Box 12548, Capitol Station
Austin, Texas 78711
Phone No. (512) 463-2120
Fax No. (512) 320-0667

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via U.S.

Mail, Certified, Return Receipt Requested and facsimile, on May 22, 2001 to:

Regina B. Criswell
Lincoln Center
7800 I-H 10 West, Suite 635
San Antonio, Texas 78230

_(signature)_

PETER B. PLOTTS
Assistant Attorney General

000000



| | | |
|---|---|---|
| PHILIP L. STOTTER, Ph.D. | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | **57th** DISTRICT |
| | § | |
| THE UNIVERSITY OF TEXAS | § | |
| AT SAN ANTONIO, and | § | |
| GUY BAILEY and | § | |
| DAVID JOHNSON | § | BEXAR COUNTY, TEXAS |

## <u>PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER and TEMPORARY INJUNCTION</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes PHILIP L. STOTTER, Ph.D., hereinafter referred to as Plaintiff or Dr. Stotter, and files this his Original Petition, Application for Temporary Restraining Order and Temporary Injunction, and in support hereof respectfully shows the court as follows:

I.

Plaintiff, Philip L. Stotter, Ph.D. is a tenured faculty member of the University of Texas at San Antonio, and resides in San Antonio, Bexar County, Texas.

Defendant, University of Texas at San Antonio, is a governmental entity situated within San Antonio, Bexar County, Texas, and may be served with process through its President, Ricardo Romo at 6900 North Loop 1604 West, San Antonio, Texas 78249.

Defendant, Guy Bailey, is an individual who may be served with process at his place of employment, University of Texas at San Antonio, 6900 North Loop 1604 West, San Antonio, Texas 78249.

Defendant, David Johnson, is an individual who may be served with process at his place of

1

000007

employment, University of Texas at San Antonio, 6900 North Loop 1604 West, San Antonio, Texas 78249.

## II.

Venue is proper in Bexar County, Texas.

## III.

Plaintiff intends for this suit to be conducted under Discovery Level 3.

## IV.

This court has jurisdiction of Plaintiff's claims and causes of action pursuant to the Texas Declaratory Judgment Act; pursuant to 42 U.S.C. Sec. 1983, in connection with due process violations of Plaintiff's federal constitutional rights, and pursuant to this court's equitable powers in connection with violations of Plaintiff's state constitutional due process rights.

## V.
### Background Facts

**A.   Dr. Stotter's employment history and professional accomplishments at UTSA**

1.     Philip L. Stotter, Ph.D. is currently employed as a Professor of Chemistry with tenure at the University of Texas at San Antonio, (hereafter UTSA). He has been employed with UTSA beginning 1974 to the present. Prior to his employment with UTSA, Dr. Stotter was employed at the University of Texas at Austin between 1967 and 1975. Dr. Stotter was employed concurrently by UTSA and UT Austin during 1974-1975. He earned his BA in chemistry in 1963 from Harvard University, where he also minored in English and Philosophy. Dr. Stotter earned his MA in chemistry in 1964, and his PhD in 1968 from Columbia University.

2.     Over the past decade, Dr. Stotter has been a vital and moving force in the University's

000003

Division of Earth and Physical Sciences. Dr. Stotter personally developed a collaborative effort between UTSA and Los Alamos National Laboratory, in New Mexico. With University approval, Dr. Stotter spent six months at the National Laboratory on a joint appointment during 1998, and then completed a thirteen week visiting scientist summer appointment during 2000. He is primarily responsible for the development of a summer intern program for UTSA chemistry students with Los Alamos National Laboratory, which recognizes outstanding organic chemistry students in connection with opportunities for paid research at Los Alamos National Laboratory while earning academic credits at the University.

3.      During the mid 90's Dr. Stotter was largely responsible for the design and construction oversight of a multi-use, organic and upper-division chemistry teaching lab suite. The lab is one of the most effective chemistry teaching facilities in the Southwest, and has since served as a template for the design of a new and renovated chemistry teaching labs at both the downtown and 1604 San Antonio campuses.

4.      In addition to his routine involvement in soliciting grants and contract funding to support University research, Dr. Stotter was responsible for bringing over $125,000.00 in consulting fees to the University in support research funding during the early 1990s. Upon information and belief, Dr. Stotter estimates the University could receive approximately $40,00.00 in additional consulting fees during 2001-2002. In 1991 Dr. Stotter was one of 3 organizers of an international symposium honoring the Nobel Laureate chemist, Professor Derek H.R. Barton held in San Antonio in conjunction with the 1991 American Chemical Society Southwest Regional meeting.

5.      Dr. Stotter was influential in the University's successful recruitment of 3 new Organic Chemists for the Division of Earth and Physical Sciences (hereafter EPS), during the past 7 years.

3

During the fall 1999 semester, Dr. Stotter chaired 3 committees at the EPS Division's request. These committees included (1) the Divisional Faculty Review Advisory Committee, which successfully recommended promotion of three chemists, and tenure for 2 of the new organic chemists; (2) the Organic Faculty Search Committee, which successfully added the third new dynamic Organic Chemist to the University faculty; and (3) an Advisory Faculty Committee, which made recommendations in connection with Dr. Thyagarajan's retirement and the announcement of his Emeritus appointment. Additionally, Dr. Stotter represented the Chemistry Graduate Studies Committee as its elected member of the Graduate Council for most of the 1990s.

6. In honor of Dr. Stotter, a distinguished University alumnus, Dr. Tom Pressly, III, who is nationally-recognized for his work in rheumatology, presented the University with unsolicited funds to award to outstanding students in organic chemistry, during the 1998-1999 academic year. Dr. Pressly created the Professor Philip L. Stotter Award in Organic Chemistry to encourage outstanding undergraduate students in the discipline, and to honor Dr. Stotter, after whom Dr. Pressley insisted the award be named. Dr. Pressly visited the University during 1999 to personally present the inaugural awards, and attributed Dr. Stotter with having left an indelible mark on him. During presentation of the 2000 Professor Philip L. Stotter Award in Organic Chemistry in the fall semester, Dean of the College of Sciences, Dr. William Scouten requested Dr. Stotter to represent Dr. Pressley during the awards ceremony.

## B. Sick leave/Paid Release Time Dispute

7. Separate and apart from Dr. Stotter's teaching assignments, administrative responsibilities, and scholarly accomplishments during the past decade, issues regarding the University's sick leave policy, the use of Dr. Stotter's own sick leave and paid release time remained unresolved. Despite

4

000010

numerous attempts on Dr. Stotter's part to resolve the dispute through the University's administrative channels, many University employees and officials with knowledge of the dispute eventually left the University's employ, and the dispute has never been officially resolved.

In connection with this dispute, during 1990 and 1991 a former VP for Academic Affairs, Dr. Leonard Valverde specifically instructed Dr. Stotter not submit his annual reports until the issues related to the use of sick leave and paid release time were resolved. Dr. Stotter has not submitted annual reports since that time, and was directed to submit his annual reports in a meeting with Provost Guy Bailey during February 2001.

### C. University Facility Inspections

**8.** In January 1999, the University conducted a routing evaluation of some of the University's laboratories by its Risk Management division, including Dr. Stotter's. Dr. Stotter was involved in the inspection and provided a copy of the inspection report. The inspection report suggests some re-labeling of chemicals was needed, additional storage cabinets were needed, and some corrosive chemicals were possibly stored improperly. The report contains no reference to any health & safety hazard, or that immediate action is required.

9. In December 1999, the University conducted a routine evaluation of the University's offices, by its Risk Management division. Dr. Stotter's office was considered an "extreme fire hazard" due to papers, trash and boxes, and needs immediate attention . Two other offices were considered "fire hazard(s)" as well. Dr. Stotter has no independent recollection of ever being provided a copy of the December 1999 inspection report or otherwise notified about the inspection of his office at that time.

10. Apparently, a follow-up inspection of Dr. Stotter's laboratory was conducted on March 2, 2000. Dr. Stotter was not present for this inspection, and was not provided a copy of this inspection

000011

report until October 2000.   Similarly, although a written communication accompanying the report

was sent to Dr. Stotter via e-mail at the University, since Dr. Stotter didn't utilize the University's

e-mail system, he never became aware of the communication at the time.   Again, the report indicated

some problems which required the University's attention, and some problems related to storage and

labeling of chemicals.. Notably, there was no indication in the March 2000 inspection report or the

accompanying e-mail communication that the condition of the laboratory required immediate

attention, or otherwise posed any health and/or safety threat.

11.        At the end of May 2000, Dr. Stotter left San Antonio for a 13-week University approved

appointment at the Los Alamos National Laboratory in New Mexico.   While in New Mexico, Dr.

Stotter communicated with his supervisor Dr. Eric Swanson in August 2000 regarding a salary

adjustment.   Dr. Stotter's written communication included details regarding the sick leave dispute and

the subsequent events leading up Dr. Stotter's notification that his absent annual reports not only

resulted in passed over merit raises, but also apparently barred him from consideration for an

equitable salary adjustment as well, despite assurances to the contrary.

12.        Dr. Stotter's August 2000 communication to Dr. Swanson specifically referenced his earlier

request for written documents regarding eligibility for salary adjustments, and specifically referenced

his earlier offers to hold the University harmless for the administrative misuse of his benefits.   Dr.

Swanson provided a written response dated August 27, 2000, and included written materials

regarding salary adjustments as requested.

13.        Although Dr. Stotter received a memorandum of appointment dated September 1, 2000, for

the 2000-2001 academic year, he did not sign the memorandum since the ongoing dispute referenced

in his 1999 memorandum of appointment was still unresolved.   However, Dr. Stotter undertook his

000012

teaching, administrative, and research responsibilities for the fall 2000 semester.

14.     A follow-up inspection of Dr. Stotter's office was conducted October 4, 2000.  Although the e-mail communication indicates the inspection occurred on October 4, and the inspector apparently notified the risk management division of a continuing problem with excessive books, papers and boxes on the same day, the Division Director, Dr. Hammond wasn't notified until 2 days later.

15.     Dr. Stotter received a memo from Division Director, Dr. Weldon Hammond dated October 6, 2000.  Attachments included the December 15, 1999, inspection report related to his office (not previously received), a January 13, 1999, inspection report related to his laboratory (previously received), a March 2, 2000, memorandum with a March 2, 2000, inspection report related to his laboratory ( not previously received), and a copy of an October 4, 2000, e-mail communication related to a follow-up inspection of his office.  Dr. Hammond's October 6 memo requested Dr. Stotter to correct the situation as soon as possible.  After further communications regarding the situation, Dr. Hammond asked Dr. Stotter to have his office placed in an acceptable condition no later than October 18, 2000, without any reference to his laboratory.

16.     Apparently, a meeting was conducted between various University officials on October 30, 2000 during which it was apparently decided that Dr. Stotter's laboratory now posed a hazard and needed to be closed immediately, despite that neither the January 1999 or March 2000 inspection reports suggested immediate health & safety concerns related to the storage and labeling of chemicals in his lab.  On October 31, 2000, Dr. Hammond wrote to Dr. Stotter about his office and his laboratory, advising that he had until November 3, to place his office in a non-hazardous condition. He was also asked to address concerns regarding his laboratory immediately, to avoid its closure, although no due was provided.  Dr. Hammond offered the assistance of another Professor and

7

members of the student chemistry club to help with moving boxes. Despite the offer of assistance of Dr. Hochman and student chemistry club members, there was an apparent miscommunication regarding coordination for the move.

17. As a result of continued medical problems and the miscommunication in connection with organizing the move, On November 6, 2000, Dr. Hammond authorized additional time to complete the office until November 10, and specifically advised Dr. Stotter that if he had not complied by the deadline, the University would move items to another location. Again an offer of assistance was made, but there was yet another miscommunication, since apparently only some of the students showed up to help, and didn't wait for the others or Dr. Stotter before they decided to leave. As a result, efforts to clear out Dr. Stotter's office was again delayed. As the fall semester drew to a close, Dr. Stotter received no further communications regarding the condition of his office or his lab, and the University took no action to remedy either situation.

18. Dr. Stotter received a written communication from Dr. Hammond dated January 2, 2001 which set forth some of the facts related to the previous inspections and communications regarding Dr. Stotter's office and lab. However, the letter set forth incorrect and incomplete information related to the previous communications. The letter advised Dr. Stotter that the University would begin packing boxes on January 8, and invited Dr. Stotter to attend. The letter also advised Dr. Stotter that his lab had been closed, and that the University intended to identify unmarked or unknown chemicals and correct storage and safety problems in the lab, and invited his participation in this effort. The letter also advised that since Dr. Stotter had not followed his earlier directives, he was forwarding the matter to University officials for consideration of disciplinary action. Accompanying the formal letter from Dr. Hammond, was an informal letter dated January 2, 2001

8

in which Dr. Hammond identifies the formal letter as having come from the Provost's office, and advising the matter is out of his hands.

19.    Dr. Stotter responded to Dr. Hammond's communication by e-mail, and copied the University President, Ricardo Romo; the Provost and VP for Academic Affairs, Guy Bailey; the Vice Provost, David Johnson, and Dean William Scouten. In particular, Dr. Stotter detailed his efforts during December 2000 to address problems with the office and the lab, explaining that he had met with a safety officer in his lab during December 2000, when yet another safety inspection was conducted, and moving and storage of chemicals was discussed. He also advised that during December 2000, he had arranged to have colleagues and graduate students help during the first week of January with packing and moving his office. He reminded Dr. Hammond that his office had been informed of these arrangements during December.

### D.    Due Process Violations

20.    During the first week of January 2001, Dr. Stotter, along with some of his colleagues and graduate students, packed and moved approximately 40 of an estimated 100 boxes of books, papers and journals to the University reading room. On January 8, 2001, Dr. Stotter went to the University campus to determine if the University was in fact packing and moving boxes from his office as referenced in the January 2, 2001 letter. Despite that Dr. Stotter was specifically invited to attend the packing and moving of his office on January 8th, Dr. Hammond apparently notified University police to be in attendance at Dr. Stotter's office on the morning of January 8, under the pretext of keeping the peace.

21.    University police were at Dr. Stotter's office when he arrived. Dr. Stotter contacted Dr. Hammond regarding the condition of his office, in light of the work that had already been

9

000015

accomplished, and wanted to get input from Dean Scouten before any additional packing was completed. Dr. Hammond left the immediate area to try to contact Dean Scouten and the personnel in Dr. Stotter's office continued packing. Despite Dr. Stotter's protests that packing was to wait until Dr. Hammond returned with further instructions, the University personnel insisted they were to continue packing the office. Consequently, Dr. Stotter started for Dr. Hammond's office, when University police attempted to prevent Dr. Stotter from exercising his right to free speech and association by chasing him through the University offices insisting he had no right to be there or to talk with the University personnel. Eventually, the police restrained Dr. Stotter in handcuffs and escorted him to his vehicle, with instructions to leave the campus.

22.     Later the same day, Dr. Stotter forwarded the December 2000 inspection report for his lab to Dr. Hammond, University President Romo, Provost and VP for Academic Affairs, Guy Bailey, Executive Vice President, David Johnson, and Dean William Scouten, which showed no serious or immediate health & safety issues or concerns. Yet another e-mail communication was sent to these same individuals later on January 8, 2001 detailing the events and communications related to the packing of his office.

23.     On January 12, 2001 University President Romo notified Dr. Stotter by certified mail, that the Provost's office had received numerous complaints about health & safety issues posed by his office and laboratory, and his conduct in relation to their maintenance and cleanup, and suspended Dr. Stotter with pay pending an investigation. Dr. Stotter agreed to meet with Provost Guy Bailey on February 16, 2001 in connection with his investigation.

24.     On Friday February 23, 2001, Provost Bailey wrote to Dr. Stotter by certified mail, advising that clean up in his lab was scheduled for Monday February 26, 2001 at 9:00 a.m. Bailey's letter

specifically advised Dr. Stotter that any personal belongings had to be picked up prior to 9:00 a.m. on Monday morning, and that any materials synthesized for use in or as a part of any ongoing project had to be identified, and that if such research materials existed, an appropriate and safe place would be provided. Dr. Stotter was advised to contact Dr. Hammond prior to February 26th so Dr. Hammond and University police could escort him to his lab, otherwise the University would assume Dr. Stotter had no personal belongings or any ongoing research projects that he was interested in preserving.

25.    Dr. Stotter did not receive Provost Guy Bailey's February 23rd letter until March 1, 2001 well after the removal of literally everything of value in the lab, including equipment and chemicals that had never posed a health or safety issue. Although Dr. Stotter left emergency messages for his Division Director and Dean upon receipt of the certified letter, he received a telephone call from Executive Vice Provost Johnson. Dr. Stotter explained he wanted the process stopped, since he hadn't been given an opportunity to get into his lab before they had started packing and moving things. Vice Provost Johnson offered to look into the matter and get back to Dr. Stotter, however he never called or otherwise arranged for Dr. Stotter to have access to the lab or to any materials packed and/or moved. Dr. Stotter was not allowed into his lab until March 7, 2001, when he determined the extent of loss in connection with the University's conduct in the alleged "cleanup" of his lab.

26.    On April 2, 2001 Guy Bailey sent a written recommendation to terminate Dr. Stotter 's contract for good cause to University President Ricardo Romo. A copy of this letter was mailed to Dr. Stotter on April 11, 2001. Despite attempts by Dr. Stotter to communicate with University administration regarding the status of the documents, equipment and other materials taken from his

11

office and his lab, no information has been provided. Dr. Stotter has little if any knowledge of the whereabouts, condition, or inventory of the personal property taken from his office and lab. Dr. Stotter has received no further information regarding the status of his employment.

## VI.
## Application for Temporary Restraining Order and Temporary Injunction

27.    As a tenured faculty member at the University of Texas at San Antonio, Plaintiff enjoys a property right in his employment. Plaintiff also enjoys property rights with respect to his employment benefits and his personal property, and also has personal, professional and/or proprietary property rights in non-inventoried and expendable laboratory equipment and supplies, fine chemicals, research synthetic chemicals, and botanicals, research notebooks, spectrometric data, personal and research data stored on the University's computer hard drive and on disks and diskettes, located at the University.

28.    On January 8, 2001 the University entered Plaintiff's office to move papers, books and boxes. Upon information and belief, the University has stored approximately 60 boxes on campus, and despite Dr. Stotter's request for access to, and an inventory of the items packed and moved, the University has failed to provide access or an inventory, or otherwise respond in any manner with respect to the status and location of the materials removed from his office.

29.    Thereafter, acting by and through the Provost and Vice President of Academic Affairs, Guy Bailey the University sent notice to Plaintiff on Friday, February 23, 2001, certified mail return receipt requested, which directed Plaintiff to arrange to secure and/or identify his personal belongings and any synthesized materials used in or as part of any ongoing research projects in his lab before Monday, February 26, 2001. Dr. Stotter did not receive the February 23rd letter until March 1, 2001.

000013

Although Dr. Stotter was not able to identify and/or secure anything in his office before the 26ᵗʰ (since he did not receive proper notice), upon information and belief, the University invited and/or allowed other faculty and post-doctoral associates to enter Plaintiff's lab, and help themselves to any chemicals in the lab after the time Plaintiff was directed to appear.

30.     Dr. Stotter has reason to believe that almost all fine chemicals and all synthesized chemicals, representing an intellectual property library accumulated over approximately 35 years, were removed and/or destroyed at the direction of the University, by employees of ENCSO, an Austin company involved in hazardous waste storage and/or disposal.

31.     Plaintiff requests a Temporary Restraining Order against the University of Texas at San Antonio, Guy Bailey and David Johnson, in connection with the wrongful deprivation of personal property and/or intellectual property without due process. Plaintiff is entitled to the relief requested, since Plaintiff has a probable right to the relief sought under the facts and circumstances, given Plaintiff was deprived of property without due process. Plaintiff has suffered an injury in fact, and additional harm and damage is imminent if a temporary restraining order is not issued. The University has previously demonstrated by prior conduct, its willingness to remove and/or destroy property belonging to the Plaintiff without regard to required notice related to Plaintiff's property rights, and without regard to the value or monetary damages associated with such removal and/or destruction.

32.     Further, since the University is currently considering a recommendation for termination of Dr. Stotter's tenured employment status, further injury and damages are imminent to the extent that any chemicals, supplies and/or equipment can still be salvaged, either by virtue of the continued storage of the subject property on University property, or by virtue of the continued storage of the subject property on behalf of the University elsewhere.

13

33.     If a Temporary Restraining Order is not issued, the imminent harm described above will result in irreparable injury, to the extent that any additional loss of property, either by the University's failure to preserve the status quo, and/or spoilation of the property will result in additional injury and damages to the Plaintiff, and impossible to evaluate or categorize for purposes of establishing economic injury.  Plaintiff will have no adequate remedy at law if a Temporary Restraining Order is not issued, since if the property is not preserved in its current status, Plaintiff will be unable to calculate the economic damages proximately caused by the denial of his due process rights.

34.     Having filed suit against the University in connection with the denial of his due process rights, and since the University President is currently considering a recommendation from Defendant Guy Bailey to terminate the Plaintiff's tenured employment status, and based on the University's previous acts and omissions in connection with the denial of Plaintiff's due process rights, Plaintiff has reason to believe and does believe that if the University is served with notice of his lawsuit before a Temporary Restraining Order is issued, the University will not preserve the status quo on its own, without a Court Order.  Plaintiff has reason to believe and does believe that any prior notice to the University in connection with the request for a Temporary Restraining Order would result in additional injury and damages.

35.     Plaintiff is willing to post bond as required.  Tex. R. Civ. Proc. 684 provides that when a Temporary Restraining Order is against the State or an agency of the State, or other governmental entity which has no pecuniary interest in the requested equitable relief, and no monetary damages can be shown in connection with the requested equitable relief, the judge may fix the bond at his discretion.  Plaintiff requests that a bond be set in an amount not to exceed $100.00.

36.     Upon expiration of the Temporary Restraining Order, Plaintiff requests that the court

14

continue its Order in effect for all purposes, pending final disposition of Plaintiff's claims and causes of action.

## VII.

## Request for Declaratory Judgment

37.    Plaintiff requests the court to declare that he was entitled to due process in connection with the property identified herein and made the basis of this suit. Plaintiff further requests that the court declare that his state and federal due process rights were violated by the University, acting by and through its employee, agent or representative, Defendant Guy Bailey when the University failed to provide required notice to the Plaintiff before the property at issue was removed and/or destroyed.

## VIII.

Plaintiff has suffered economic damages in connection with the deprivation of his property rights without due process, and as a proximate cause of the actions and conduct of the University in connection with the failure to provide notice as required, Plaintiff has suffered and continues to suffer emotional pain and suffering for which Plaintiff seeks monetary damages within the minimum jurisdictional limits of this court. Plaintiff seeks his attorney fees and costs incurred in connection with filing and prosecution of this suit, expressly authorized by the Declaratory Judgment Act and/or 42 U.S.C. §1983.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that a TRO be issued immediately as requested herein, and that after expiration of the TRO by operation of law, the court issue a Temporary Injunction preserving the status quo pending final resolution of the claims made the basis of this suit. Plaintiff prays that after final hearing, the court find and declare that Plaintiff's due process rights were violated, and that Plaintiff was damaged as a result. Plaintiff prays for his costs

000021

and attorney fees, and for such other and further relief to which the Plaintiff may show himself justly entitled, at law or in equity.

Signed this the __10__ day of May 2001.

LAW OFFICE OF REGINA B. CRISWELL
Lincoln Center
7800 I-H 10 West, Suite 635
San Antonio, Texas 78230
(210) 375-1963
(210) 375-2373 facsimile

By: _Regina B. Criswell_
REGINA B. CRISWELL
SBN: 01496580

ATTORNEY FOR PLAINTIFF

G0J022

PRIVATE PROCESS

● NO. _____2001-CI-06933_____      ● With Bond

PHILIP L STOTTER PH D _____          IN THE DISTRICT COURT
VS.                                              _57th_  JUDICIAL DISTRICT
UNIVERSITY OF TEXAS AT SAN ANTONIO ET AL         BEXAR COUNTY, TEXAS

"THE STATE OF TEXAS"      TEMPORARY RESTRAINING ORDER
To: UNIVERSITY OF TEXAS AT SAN ANTONIO
    BY SERVING ITS PRESIDENT RICARDO ROMO

Whereas,
in a certain cause pending on the docket of the _57th_ Judicial District Court of Bexar County, Texas,
being cause number 2001-CI-06933 __, where in PHILIP L STOTTER PH D _____, is PLAINTIFF _____,
and UNIVERSITY OF TEXAS AT SAN ANTONIO _____
is DEFENDANT ___. In said suit the PLAINTIFF ___ has filed an Original Petition, asking among other things,
for the granting and issuance of Temporary Restraining Order, to restrain the DEFENDANT
UNIVERSITY OF TEXAS AT SAN ANTONIO
as fully set out and prayed for in the Original Petition, a copy of which is attached hereto and to which
reference is here made for the injunctive relief sought by the PLAINTIFF ___, upon presentation and
consideration of said petition, the Honorable DAVID A. BERCHELMANN, JR. _____ has entered the following,
to-wit: copy of order attached to writ served. And whereas, bond (if required) has been filed and
approved;
These are therefore, to RESTRAIN, and you the said DEFENDANT ___, UNIVERSITY OF TEXAS AT SAN ANTONIO
_____ are hereby RESTRAINED as fully set out and
prayed for in the Original Petition, a copy of which is attached hereto, made a part hereof and to which
reference is hereby made for a full and complete statement of the injunctive relief sought by the
PLAINTIFF ___.
And you are further notified that the hearing on the Application for Temporary Injunction is set at the
Bexar County Courthouse in the City of San Antonio, Texas on the _24th_ day of _May_____ A.D., _2001_
at _9:00_ o'clock _A_.M. in room _218_, PRESIDING Judicial District Court, at which time you are required
to appear and show cause, if any, why said Injunction should not be granted as prayed for.

HEREIN FAIL NOT TO OBEY THIS WRIT, UNDER THE PAINS AND PENALTIES PRESCRIBED BY LAW! ISSUED AND GIVEN UNDER
MY HAND AND SEAL OF OFFICE, AT SAN ANTONIO, TEXAS the _11th_ day of _May_____ A.D., _2001_.

REGINA B CRISWELL                         REAGAN E. GREER
_____                        DISTRICT CLERK OF BEXAR CO., TEXAS
ATTORNEY FOR PLAINTIFF                     BEXAR COUNTY COURTHOUSE
7800 I-H 10 WEST 635                       SAN ANTONIO, TEXAS 78205
SAN ANTONIO, TX 78230
                                          _Elizabeth A. Martinez_____ DEPUTY
                                          ELIZABETH MARTINEZ

_____
                              RETURN
CAME TO HAND ON THE _11_ DAY OF _MAY_ A.D. _2001_ AT _11_ O'CLOCK _A_.M. AND EXECUTED
(NOT EXECUTED) ON THE _11_ DAY OF _MAY_ A.D., _2001_ BY DELIVERING TO _RICARDO ROMO - PRES._
IN PERSON, A TRUE COPY OF THIS TEMP. REST. ORDER UPON WHICH I ENDORSED THE DATE OF DELIVERY. CAUSE OF UTSA
FAILURE TO EXECUTE THIS TEMP. REST. ORDER IS _____

TOTAL FEES: _____
                                          BY _____ COUNTY, TEXAS
                                                              _0455469_

                       NON-PEACE OFFICER VERIFICATION

VERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER)

SWORN TO THIS _____ DAY OF _____, _____.

                                          NOTARY PUBLIC, STATE OF TEXAS
                                                  ORIGINAL
                                                              (DK022)



**2001C106933**

No._____

| | | |
|---|---|---|
| PHILIP L. STOTTER, Ph.D. | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | **57th** JUDICIAL DISTRICT |
| | § | |
| THE UNIVERSITY OF TEXAS | § | |
| AT SAN ANTONIO, and | § | |
| GUY BAILEY and | § | |
| DAVID JOHNSON | § | BEXAR COUNTY, TEXAS |

## ORDER GRANTING PLAINTIFF'S APPLICATION FOR
## TEMPORARY RESTRAINING ORDER

On the 10th day of May, 2001, came on to be considered Plaintiff's Application for Temporary Restraining Order. Plaintiff appeared through the undersigned attorney of record. The court considered Plaintiff's request for temporary restraining order without notice to the Defendants since Plaintiff offered specific facts in support of the issuance of the order under such circumstances. The court finds that the facts and circumstances made the basis of the request for emergency relief demonstrate an imminent and irreparable injury if the requested relief is not granted. The court finds that Plaintiff's request for temporary restraining order is meritorious, and should in all things be Granted.

IT IS THEREFORE ORDERED that Defendants, the University of Texas, Guy Bailey and David Johnson are temporarily restrained as follows in connection with the property referenced below, to wit:

1. Removing, destroying, tampering, editing, or otherwise altering in any manner, the videotape of Dr. Stotter's laboratory, PSL 1.S12, as referenced by Defendant Guy Bailey in connection with an interview by Defendant Bailey of Dr. Stotter on February 16, 2001 related to the claims and causes of action made the basis of this suit;

2. Removing, destroying, tampering, or otherwise altering in any manner any

1

glassware, equipment, computers and/or stored computer data, including but not limited to information stored on a computer hard drive and/or on disks or diskettes, research notebooks, spectra, and any books and papers that are still located in Dr. Stotter's laboratory, or which are stored elsewhere on the University's campus proper, or which is stored at any other location, on behalf of or at the request of the University;

3.    Removing, destroying, tampering, or otherwise altering in any manner approximately sixty (60) boxes of journal issues and other papers and books, which the University removed from Dr. Stotter's office and stored elsewhere at the University campus.

4.    Removing, destroying, tampering or otherwise altering in any manner the original audiotape of Plaintiff's February 16, 2001 interview with Defendant Guy Bailey;

5.    Removing, destroying, tampering or otherwise altering in any manner, the University files pertaining or relating in any respect to Plaintiff's employment with the University, including but not limited to files, documents, or records in the EPS division, College of Science, Provost and President's office, business office, personnel and/or human resource office, the payroll office, and all others including the Risk Management office; and

6.    Removing, destroying, tampering or otherwise altering in any manner the post-tenure periodic review file, whether stored in combination or separately from any other file, document or record at the University.

The court finds that a bond in the amount of ___/00.⁰⁰ is appropriate under the circumstances presented, and requires Plaintiff to post this amount as a condition of this Order. This Order expires by operation of law on May 24, 2001.  A hearing on Plaintiff's request for temporary injunction is hereby set for May 24, 2001 at 9:00 a.m. in the presiding court of Bexar County, Texas.

All other relief not expressly granted herein is DENIED.

Signed this the /0 day of May, 2001.

/s/ David Birchelmann Jr.
JUDGE PRESIDING

2

SUBMITTED BY:

LAW OFFICE OF REGINA B. CRISWELL
Lincoln Center
7800 I-H 10 West, Suite 635
San Antonio, Texas 78230
(210) 375-1963
(210) 375-2373 facsimile

By: _____
REGINA/B. CRISWELL
SBN: 01496580

ATTORNEY FOR PLAINTIFF

3

030020

Certificate of District Clerk That Plaintiff(s)
Have Made Cash Deposit In Lieu Of
Temporary Restraining Order Bond

FILED
DISTRICT CLERK
01 MAY 10 PM 4:54

DEPUTY

BY_____

The State of Texas                          _____57TH_____ District Court
County of Bexar

           I Reagan E. Greer, Clerk of the District

Courts in and for Bexar County, Texas, do hereby certify that

__PHILLIP L. STOTTER, PhD_____Plaintiff (s) in Cause No.

__2001CI06933__ Styled ___PHILIP L. STOTTER, PhD_____
vs ____THE UNIVERSITY OF TEXAS AT SAN ANTONIO, ET AL_____.

have this day deposited the sum of_ONE HUNDRED AND NO/100___

($_100.00_____) cash, which is the amount ordered by the

Court in lieu of a Temporary Restraining Order Bond.

           WITNESS, REAGAN E. GREER, Clerk of the

District Courts in the City of San Antonio, Texas.

           Given under my hand and seal of said Courts

at office in the City of San Antonio, Texas, this_10th_day

of __MAY___,A.D. _2001_____.

                 REAGAN E GREER
          District Clerk, Bexar County, Texas

BY: _____
       WENDELL REES, DEPUTY

PRIVATE PROCESS

NO. _____2001-CI-06933_____     With Bond

PHILIP L STOTTER PH D
VS.                                                IN THE DISTRICT COURT
                                                   __57th__ JUDICIAL DISTRICT
UNIVERSITY OF TEXAS AT SAN ANTONIO ET AL            BEXAR COUNTY, TEXAS

"THE STATE OF TEXAS"          TEMPORARY RESTRAINING ORDER
To: DAVID JOHNSON


**Whereas,**
in a certain cause pending on the docket of the __57th__ Judicial District Court of Bexar County, Texas,
being cause number __2001-CI-06933__, where in PHILIP L STOTTER PH D _____, is PLAINTIFF
and __DAVID JOHNSON__
is DEFENDANT . In said suit the __PLAINTIFF__ has filed an Original Petition, asking among other things,
for the granting and issuance of Temporary Restraining Order, to restrain the __DEFENDANT__
__DAVID JOHNSON__
as fully set out and prayed for in the Original Petition, a copy of which is attached hereto and to which
reference is here made for the injunctive relief sought by the __PLAINTIFF__; upon presentation and
consideration of said petition, the Honorable __DAVID A. BERCHELMANN, JR.__ has entered the following,
to-wit: copy of order attached to writ served. And whereas, bond (if required) has been filed and
approved;

These are therefore, to **RESTRAIN**, and you the said __DEFENDANT__ , DAVID JOHNSON
_____ are hereby **RESTRAINED** as fully set out and
prayed for in the Original Petition, a copy of which is attached hereto, made a part hereof and to which
reference is hereby made for a full and complete statement of the injunctive relief sought by the
__PLAINTIFF__.

And you are further notified that the hearing on the Application for Temporary Injunction is set at the
Bexar County Courthouse in the City of San Antonio, Texas on the __24th__ day of __May__ A.D., __2001__
at __9:00__ o'clock __A__.M. in room __218__, **PRESIDING** Judicial District Court, at which time you are required
to appear and show cause, if any, why said Injunction should not be granted as prayed for.

**HEREIN FAIL NOT TO OBEY THIS WRIT, UNDER THE PAINS AND PENALTIES PRESCRIBED BY LAW! ISSUED AND GIVEN UNDER
MY HAND AND SEAL OF OFFICE, AT SAN ANTONIO, TEXAS the __11th__ day of __May__ A.D., __2001__.**

REGINA B CRISWELL                              REAGAN E. GREER
ATTORNEY FOR PLAINTIFF                         **DISTRICT CLERK OF BEXAR CO., TEXAS**
7800 I-H 10 WEST 635                           **BEXAR COUNTY COURTHOUSE**
SAN ANTONIO, TX 78230                          SAN ANTONIO, TEXAS 78205


                                              _____ DEPUTY
                                              ELIZABETH MARTINEZ

                              RETURN
CAME TO HAND ON THE __11__ DAY OF __MAY__ A.D., __2001__ AT __11__ O'CLOCK __A__.M. AND EXECUTED
(NOT EXECUTED) ON THE __11__ DAY OF __MAY__ A.D., __2001__ BY DELIVERING TO __DAVID JOHNSON__
IN PERSON, A TRUE COPY OF THIS TEMP. REST. ORDER UPON WHICH I ENDORSED THE DATE OF DELIVERY. CAUSE OF
FAILURE TO EXECUTE THIS TEMP. REST. ORDER IS _____ .

TOTAL FEES: _____

                                              BY _____ BEXAR COUNTY, TEXAS
                                                              0459169

                 NON-PEACE OFFICER VERIFICATION

VERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER)

SWORN TO THIS _____ DAY OF _____ , _____ .

                              NOTARY PUBLIC, STATE OF TEXAS
                                     ORIGINAL
                                                      (DK022)

PRIVATE PROCESS

"The State of Texas"　⬤　NO. __2001-CI-06933__

PHILIP L STOTTER PH D
Plaintiff
vs.

UNIVERSITY OF TEXAS AT SAN ANTONIO ET A
Defendant
( Note: Attached Document May Contain Additional Litigants. )

**NOTICE**

**Citation** Directed to: DAVID JOHNSON

IN THE DISTRICT COURT

__57th__ JUDICIAL DISTRICT

BEXAR COUNTY, TEXAS

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the __10th__ day of __May__, __2001__.
ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS __11th__ DAY OF __May__ A.D., __2001__.

PLAINTIFF'S ORIGINAL PETITION
AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND
TEMPORARY INJUNCTION

REGINA B CRISWELL
Attorney/PLAINTIFF
address 7800 I-H 10 WEST 635
　　　　　SAN ANTONIO, TX 78230

REAGAN E. GREER
District Clerk of Bexar County, Texas
Bexar County Courthouse
San Antonio, Texas 78205

By _Elizabeth A. Martinez_ Deputy

ELIZABETH MARTINEZ

---

**OFFICER'S RETURN**

Came to hand __11__ day of __MAY__, A.D. __2001__, at __3__ o'clock __P__.M.
and executed the __11__ day of __MAY__ A.D. __2001__, in __BEXAR COUNTY TEXAS__
at __1:30__ o'clock __P__.M. by delivering to __DAVID JOHNSON__
in person a true copy of this citation together with the accompanying copy of plaintiff's petition. Served at __6900 NORTH LOOP 1604__
I traveled _____ miles in the execution of this citation. Fees:　　　Serving citation
$ _____　Mileage　　Total $ _____
　　　　Badge/PPS # _____

By _____ County, Texas

The State of Texas

**NON - PEACE OFFICER VERIFICATION**

VERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER)

SWORN TO this _____ day of _____, _____.

_____
NOTARY PUBLIC, STATE OF TEXAS

**ORIGINAL**
(DK002)

PRIVATE PROCESS

NO. <u>2001-CI-06933</u>   With Bond

PHILIP L STOTTER PH D
VS.

IN THE DISTRICT COURT
<u>57th</u> JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

UNIVERSITY OF TEXAS AT SAN ANTONIO ET AL
"THE STATE OF TEXAS"           TEMPORARY RESTRAINING ORDER
To: GUY BAILEY

Whereas,

in a certain cause pending on the docket of the <u>57th</u> Judicial District Court of Bexar County, Texas, being cause number <u>2001-CI-06933</u>, where in <u>PHILIP L STOTTER PH D</u>, is <u>PLAINTIFF</u>, and <u>GUY BAILEY</u>

is <u>DEFENDANT</u>. In said suit the <u>PLAINTIFF</u> has filed an Original Petition, asking among other things, for the granting and issuance of Temporary Restraining Order, to restrain the <u>DEFENDANT</u> <u>GUY BAILEY</u>

as fully set out and prayed for in the Original Petition, a copy of which is attached hereto and to which reference is here made for the injunctive relief sought by the <u>PLAINTIFF</u>; upon presentation and consideration of said petition, the Honorable <u>DAVID A. BERCHELMANN, JR.</u> has entered the following, to-wit: copy of order attached to writ served. And whereas, bond (if required) has been filed and approved;

These are therefore, to RESTRAIN, and you the said <u>DEFENDANT</u>, <u>GUY BAILEY</u>

_____ are hereby RESTRAINED as fully set out and prayed for in the Original Petition, a copy of which is attached hereto, made a part hereof and to which reference is hereby made for a full and complete statement of the injunctive relief sought by the <u>PLAINTIFF</u>.

And you are further notified that the hearing on the Application for Temporary Injunction is set at the Bexar County Courthouse in the City of San Antonio, Texas on the <u>24th</u> day of <u>May</u> A.D. <u>2001</u> at <u>9:00</u> o'clock <u>A</u>.M. in room <u>218</u>, PRESIDING Judicial District Court, at which time you are required to appear and show cause, if any, why said Injunction should not be granted as prayed for.

HEREIN FAIL NOT TO OBEY THIS WRIT, UNDER THE PAINS AND PENALTIES PRESCRIBED BY LAW! ISSUED AND GIVEN UNDER MY HAND AND SEAL OF OFFICE, AT SAN ANTONIO, TEXAS the <u>11th</u> day of <u>May</u> A.D., <u>2001</u>.

REGINA B CRISWELL

ATTORNEY FOR PLAINTIFF
7800 I-H 10 WEST 635
SAN ANTONIO, TX 78230



REAGAN E. GREER
DISTRICT CLERK OF BEXAR CO., TEXAS
BEXAR COUNTY COURTHOUSE
SAN ANTONIO, TEXAS 78205

BY: *Elizabeth R. Martinez* DEPUTY

ELIZABETH MARTINEZ

RETURN

CAME TO HAND ON THE <u>11</u> DAY OF <u>MAY</u> A.D. <u>2001</u> AT <u>11</u> O'CLOCK <u>A</u>.M. AND EXECUTED (NOT EXECUTED) ON THE <u>11</u> DAY OF <u>MAY</u> A.D. <u>2001</u> BY DELIVERING TO <u>GUY BAILEY</u> IN PERSON. A TRUE COPY OF THIS TEMP. REST. ORDER UPON WHICH I ENDORSED THE DATE OF DELIVERY. CAUSE OF FAILURE TO EXECUTE THIS TEMP. REST. ORDER IS _____

TOTAL FEES: _____

BY: _____ COUNTY, TEXAS
#0459149

NON-PEACE OFFICER VERIFICATION

VERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER)

SWORN TO THIS _____ DAY OF _____, ____.



NOTARY PUBLIC, STATE OF TEXAS
ORIGINAL
(DK022)

"The State of Texas"

NO. 2001-CI-06933

PHILIP L STOTTER PH D
Plaintiff
VS.

UNIVERSITY OF TEXAS AT SAN ANTONIO ET A
Defendant
( Note: Attached Document May Contain Additional Litigants. )

IN THE DISTRICT COURT

57th JUDICIAL DISTRICT

BEXAR COUNTY, TEXAS

**NOTICE**

**Citation Directed to:** GUY BAILEY

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 10th day of May, 2001.
ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 11th DAY OF May A.D., 2001.

PLAINTIFF'S ORIGINAL PETITION
AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND
TEMPORARY INJUNCTION

REGINA B CRISWELL
Attorney/PLAINTIFF
address 7800 I-H 10 WEST 635
SAN ANTONIO, TX 78230

REAGAN E. GREER
District Clerk of Bexar County, Texas
Bexar County Courthouse
San Antonio, Texas 78205

By: *Elizabeth A. Martinez* Deputy

ELIZABETH MARTINEZ

---

**OFFICER'S RETURN**

Came to hand 11 day of MAY, A.D. 2001, at 11 o'clock A .M.
and executed the 11 day of MAY, A.D. 2001, in Bexar Co. Tex
at 1:30 o'clock P .M. by delivering to GUY BAILEY
in person a true copy of this citation together with the accompanying copy of plaintiff's
petition. Served at 6900 N hwy 1604
I traveled _____ miles in the execution of this citation. Fees:
$ _____ Serving citation
Mileage Total $ _____
Badge/PPS # _____

By _____ County, Texas

The State of Texas

**NON - PEACE OFFICER VERIFICATION**

VERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER)

SWORN TO this _____ day of _____, _____.

_____
NOTARY PUBLIC, STATE OF TEXAS

PRIVATE PROCESS

"The State of Texas"     NO.   2001-CI-06933

PHILIP L STOTTER PH D
**Plaintiff**
vs.

UNIVERSITY OF TEXAS AT SAN ANTONIO ET A
**Defendant**
( Note: Attached Document May Contain Additional Litigants. )

IN THE DISTRICT COURT

**57th** JUDICIAL DISTRICT

BEXAR COUNTY, TEXAS

**NOTICE**

**Citation** Directed to:  UNIVERSITY OF TEXAS AT SAN ANTONIO
BY SERVING ITS PRESIDENT RICARDO ROMO

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the **10th** day of **May** , **2001** .
ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS **11th** DAY OF **May** A.D., **2001** .

PLAINTIFF'S ORIGINAL PETITION
AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND
TEMPORARY INJUNCTION

**REGINA B CRISWELL**
**Attorney/PLAINTIFF**
**address**  7800 I-H 10 WEST 635
SAN ANTONIO, TX 78230

**REAGAN E. GREER**
**District Clerk of Bexar County, Texas**
**Bexar County Courthouse**
**San Antonio, Texas 78205**

By _Elizabeth A. Martinez_ Deputy
ELIZABETH MARTINEZ

---

**OFFICER'S RETURN**

Came to hand _11_ day of _MAY_ , A.D. _2001_ , at _11_ o'clock _A_ .M. and executed the _11_ day of _MAY_ , A.D. _2001_ , in _BEXAR CO. TX_ at _1:30_ o'clock _D_ .M. by delivering to _UT SAN ANTONIO BY SERV. ITS PRES. RICARDO_ in person a true copy of this citation together with the accompanying copy of plaintiff's _ROMO_ petition. Served at _6900 N HWY 1604_ I traveled _____ miles in the execution of this citation. Fees:     Serving citation
$ _____    Mileage _____    Total $ _____
Badge/PPS # _____

By _____ _#04571_ County, Texas

**The State of Texas**

**NON - PEACE OFFICER VERIFICATION**

VERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER)

SWORN TO this _____ day of _____, _____ .

NOTARY PUBLIC, STATE OF TEXAS

ORIGINAL
(DK002)